ORDER AND JUDGMENT*
HARTZ, Circuit Judge.
Defendant Cornell Deon Mitchell appeals the district court’s denial of his motion to suppress evidence, contending his Fourth Amendment rights were violated when a police officer frisked him and patted down his jacket without a reasonable basis to believe that he was armed and dangerous. We have jurisdiction under 28 U.S.C. § 1291 and reverse.
*617 I. Factual Background
The facts in this case are not in dispute. On March 8, 2001, Officer Brede of the Salt Lake City Police Department was dispatched to investigate an alleged shoplifting at the Evolution Ski Company. Upon arriving at Evolution, Brede parked his car and approached two men who were waiting outside the store. One of the men, a store manager, told Brede that the other man (later identified as defendant) was attempting to return stolen ski pants. Officer Brede asked both men to return to the store, where he would continue the investigation.
While outside, defendant was holding a pair of ski pants in one hand and a jacket in the other. After returning to the store, defendant stood near a sales counter, placed his jacket at his feet, and set the allegedly stolen pants on the counter.
Before continuing his investigation, Officer Brede conducted a frisk of defendant’s person, but found no weapons. Officer Brede then began to pick up defendant’s jacket from the floor, at which time defendant informed the officer that there was a pistol in the jacket’s pocket. Officer Brede proceeded to go through the jacket and found the pistol and five rounds of ammunition. Defendant was placed under arrest for illegal possession of a firearm. He was not, however, arrested for shoplifting.
Officer Brede testified that he frisked defendant because he was concerned for his safety. This fear stemmed from two factors: (1) the encounter with defendant was taking place in a high-crime area and (2) defendant was potentially involved in a shoplifting. Officer Brede testified that he knew the store was in a high-crime area based on his experience working in the area and his training at the police academy. Officer Brede had previously encountered people carrying weapons in that part of Salt Lake City.
Defendant’s conduct prior to the frisk, however, did not suggest any danger to Officer Brede. Officer Brede described the events as follows:
Q. [Y]ou proceeded inside to the ski shop?
A. Correct.
Q. And you immediately conducted a Terry frisk on [defendant] at that time?
A. I did.
Q.“ Did [defendant] do anything at that time that was threatening toward you?
A. Make any actions toward me, no, he did not.
Q. Did he attempt to flee when you arrived?
A. No, he did not.
Q. Was there anything noticeable on his body that would indicate to you that he was carrying a weapon, any bulge in his pockets or anything like that that made you think he had a weapon on him?
A. No, there was not.
Q. Did he reach inside his shirt or his pants when you proceeded into the store?
A. No. He just had the pants and the jacket.
Q. But he was cooperative, correct?
A. He was cooperative.
Q. He sat the jacket on the floor?
A. He did.
Q. So in order to get something out of the jacket he would have to have bent down to get it out, correct?
A. That is correct.
ROA, Vol. II, at 14-15. In later testimony Officer Bredeadded:
Q. When you first encountered [defendant] did you have any reason to *618 believe that he might actually be in possession of something that could harm you?
A. Not him as an individual other than the fact that he is now a suspect in a crime and he is in this area where my dealings with people have sometimes included the carrying of weapons.
ROA, Vol. Ill, at 10. Officer Brede also testified that defendant was polite, cooperative, and non-threatening.
After the arrest, federal authorities charged defendant with one count of possession of a firearm by a restricted person, in violation of 18 U.S.C. § 922(g). He filed a motion to suppress the pistol, claiming Officer Brede’s frisk violated his Fourth Amendment rights. The suppression motion was denied by the district court. Defendant then entered a conditional guilty plea, reserving his right to appeal the denial of the motion to suppress. The district court imposed a sentence of 21 months’ imprisonment, followed by 36 months of supervised release.
II. Discussion
“In reviewing the denial of a motion to suppress, this court considers the totality of the circumstances and views the evidence in the light most favorable to the government.” United States v. Gay, 240 F.3d 1222, 1225 (10th Cir.2001). “We accept the district court’s findings of facts unless clearly erroneous.” Id. But “[t]he ultimate determination of reasonableness under the Fourth Amendment is a question of law we review de novo....” Id. at 1226 (internal quotation marks omitted).
Of course, when an officer has probable cause to arrest a suspect, the officer may search the person of the arrestee. See United States v. Robinson, 414 U.S. 218, 224-25, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973). But when the officer possesses only reasonable suspicion to detain a person, the officer may constitutionally conduct a warrantless pat-down search of the person only “where he has reason to believe that he is dealing with an armed and dangerous individual.” Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Defendant asserts that the government can point to no evidence of such a basis to justify Officer Brede’s frisk of his person and his coat. We agree.
The government concedes that the district court made no finding that Officer Brede had reason to believe that defendant was armed and dangerous. It requests that we remand the case to the district court to enable the court to make findings on the matter. We deny this request. The district court held two evidentiary hearings and entertained briefing on the issue. As counsel for the government conceded at oral argument, the government has already presented all its evidence regarding defendant’s dangerousness to the district court. Because that evidence cannot sustain the required dangerousness finding, remand would serve no purpose.
The government relied on the following facts: (1) defendant was present in a high crime area; (2) defendant was a shoplifting suspect; and (3) defendant had a jacket in his possession, which he dropped into a clump on the floor, still within arm’s reach. But even viewing these facts in the light most favorable to the government, they could not give Officer Brede “reason to believe that he [was] dealing with an armed and dangerous individual.” Id. Defendant took no action that caused the officer to fear for his safety. He was cooperative, polite, and non-threatening. Nor did any of defendant’s clothing contain bulges suggestive of weapons. To uphold the constitutionality of a frisk on these facts would be to permit a frisk *619 whenever a person present in a high-crime area is accused of involvement in a nonviolent petty crime. The prospect is as mind-boggling as it is unconstitutional.
The government alternatively contends that we should uphold the frisk as incident to an arrest. It argues that since Officer Brede had probable cause to arrest defendant for shoplifting, he was able to search him incident to that arrest. See Robinson, 414 U.S. at 224-25. The government asserts that it is irrelevant that defendant was never actually arrested for shoplifting, so long as there was probable cause to arrest. The shortest answer to that contention is that there was no probable cause.
“An officer has probable cause to arrest if, under the totality of the circumstances, he learned of facts and circumstances through reasonably trustworthy information that would lead a reasonable person to believe that an offense has been or is being committed by the person arrested.” United States v. Morris, 247 F.3d 1080, 1088 (10th Cir.2001) (internal quotation marks omitted). “Probable cause does not require facts sufficient for a finding of guilt; however, it does require more than mere suspicion.” Id. (internal quotation marks omitted).
The only facts supporting a determination of probable cause here are (1) the store manager’s accusation that defendant had tried to return ski pants that had been stolen and (2) defendant’s possession of ski pants. To be sure, we presume that a citizen informant is reliable. See Easton v. Boulder, 776 F.2d 1441, 1449-50 (10th Cir. 1985). But the source of the accusation must still set forth facts supporting the accusation. See Illinois v. Gates, 462 U.S. 213, 239-40,103 S.Ct. 2317, 76 L.Ed.2d 527 (1983) (conclusory allegation without any factual support cannot establish probable cause). Here, the store manager had not provided any factual support for his allegation that the pants had been stolen, perhaps because the frisk was conducted before the officer interviewed the manager.
Because defendant’s motion to suppress the pistol should have been granted, we REVERSE the order denying the motion and REMAND to the district court with instructions to VACATE defendant’s conviction and sentence.

 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.